1  XAVIER BECERRA, State Bar No. 118517
   Attorney General of California
2  CHRISTOPHER J. BECKER, State Bar No. 230529
   Supervising Deputy Attorney General
3  R. LAWRENCE BRAGG, State Bar No. 119194
   Supervising Deputy Attorney General
4   1300 I Street, Suite 125
    P.O. Box 944255
5   Sacramento, CA 94244-2550
    Telephone: (916) 210-7334
6   Fax: (916) 324-5205
    E-mail: Lawrence.Bragg@doj.ca.gov
7  *Attorneys for Defendants B. Boone, L. Brady,*
   *C. Bucaro, J. Milburn, and S. Vasquez*

8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

FRESNO DIVISION

11

12

| | |
|---|---|
| 13  **ABELARDO PASILLAS, et al.,** | 1:17-cv-00712-LJO-EPG (PC) |
| 14  Plaintiffs, | **STIPULATED PROTECTIVE ORDER** |
| 15  **v.** | Judge: The Honorable Erica P. Grosjean |
| 16  **STATE OF CALIFORNIA, et al.,** | Trial Date: March 24, 2020<br>Action Filed: May 22, 2017 |
| 17  Defendants. | |

18

19      **IT IS STIPULATED BY THE PARTIES, BY AND THROUGH THEIR**

20  **RESPECTIVE COUNSEL, AND ORDERED BY THE COURT AS FOLLOWS:**

21          In the course of this litigation, Plaintiffs have demanded the production of documents in

22  discovery which Defendants contend contain confidential information which, if shared or

23  disclosed, could jeopardize the safety and security of institution(s) operated by the California

24  Department of Corrections and Rehabilitation (CDCR), its employees, inmates, informants and

25  their families, the Defendants, or other individuals. The documents demanded include diagrams

26  and photographs of portions of the Sierra Conservation Center (SCC). CDCR is concerned that

27  disclosure of such documents could lead to inmate escapes from SCC and attacks on other

28

inmates and staff at that institution. The Court orders the following to protect the confidentiality of those documents:

1. The provisions of this Protective Order apply to the confidential records and information ("confidential material") designated by Defendants and/or CDCR as "Confidential," and those confidential records and information which the Court orders Defendants and/or CDCR to produce following an *in camera* hearing. The Court-issued Protective Order applies because those documents contain confidential information, which if shared, could jeopardize the safety and security of CDCR institutions, its employees, inmates, informants and their families, the Defendants, or other individuals.

2. The confidential material may be disclosed only to the following persons:

(a) Plaintiffs' retained attorney(s) of record;

(b) The attorney(s) of record for Defendants and CDCR;

(c) Any paralegal, secretarial, or clerical personnel regularly employed by counsel for Plaintiffs, Defendants, and CDCR, who are necessary to aid counsel for Plaintiffs, Defendants, and CDCR in the litigation of this matter;

(d) Experts or consultants retained by counsel; and

(e) Court personnel and stenographic reporters necessarily involved in these proceedings.

3. None of the confidential material or information contained within the confidential material shall be shown to, discussed with, or disclosed in any other manner to Plaintiffs, any other inmate or former inmate, any parolee or former parolee, or any other person not indicated in paragraph 2, unless a written waiver expressly authorizing such disclosure has been obtained from counsel for Defendants and CDCR, who maintain possession and control over the original confidential material.

4. No person who has access to the confidential material, as set forth in paragraph 2, shall copy any portion of the confidential material, except as necessary to provide a copy of the confidential material to any other authorized individual listed in paragraph 2, or to submit copies to the Court under seal in connection with this matter. Any copies made for such purpose will be

2

subject to this order. A copy of this order must be provided to any individual authorized to access the confidential material before providing that individual with access to the confidential material, including experts or consultants retained by counsel. Counsel for the parties shall maintain a record of all persons to whom access to the confidential material has been provided. The Court and counsel for Defendants and CDCR may request a copy of such record at any time to determine compliance with the Court's order.

5.    Any exhibits or documents filed with the Court that reveal confidential material, or the contents of any confidential material, shall be submitted on purple or pink paper, filed under seal, labeled with a cover sheet bearing the case name and number and the statement: "This document is subject to a Protective Order issued by the Court and may not be copied or examined except in compliance with that Order." Documents so labeled shall be kept by the Clerk of this Court under seal and shall be made available only to the Court or counsel of record for the parties. If any party fails to file confidential material in accordance with this paragraph, any party may request that the Court place the filing under seal.

6.    Any argument, discussion, or examination of any witness privy to the confidential material as to any confidential information shall be done *in camera* and any record of such argument, discussion, or examination shall be kept under seal. Counsel for each party shall only discuss in open court the summaries of confidential information as worded by Defendants and/or CDCR contained in any non-confidential record (*i.e.*, the summaries of confidential information as written in the CDCR 1030 Confidential Information Disclosure Forms, informational chronologies, or other non-confidential records).

7.    At the conclusion of the proceedings in this case, including any period for appeal or collateral review, or upon other termination of this litigation, counsel for Plaintiffs shall destroy all confidential materials and all copies of such material in counsel's possession or return such materials to counsel for Defendants.

8.    All confidential material in this matter shall be used solely in connection with the litigation of this matter, or any related appellate proceeding and collateral review, and not for any other purpose, including any other litigation or proceeding.

3

1       9.     Any violation of this order may result in sanctions by this Court, including

2  contempt, and may be punishable by state or federal law.

3       10.    The provisions of this order shall remain in effect until further order of this

4  Court.  The Court will provide counsel for Defendants and/or CDCR an opportunity to be heard

5  should the Court find modification of this order necessary.

6

7  Dated:  August 3, 2018                Respectfully submitted,

8                                  THE SEHAT LAW FIRM

9                                  ***/s/ Cameron Sehat***

10                                  CAMERON SEHAT
                                *Attorneys for Plaintiffs*

11  Dated:  August 3, 2018                BURKE, WILLIAMS & SORENSEN, LLP

12

13                                  By : **/s/ Susan E. Coleman**

14                                    Susan E. Coleman
                                *Attorneys for Defendant Savage, M.D.*

15  Dated:  August 3, 2018                XAVIER BECERRA
                                  Attorney General of California

16                                    CHRISTOPHER J. BECKER
                                  Supervising Deputy Attorney General

17

18                                  */s/R. Lawrence Bragg*

19                                  R. LAWRENCE BRAGG
                                Supervising Deputy Attorney General

20                                    *Attorneys for Defendants B. Boone, L. Brady,
C. Bucaro, J. Milburn, and S. Vasquez*

21  IT IS SO ORDERED.

22

23      Dated:  **August 6, 2018**         /s/ *Erica P. Grosjean*
                                UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28